# Thomason Grocery Co. v. Mitchell.

*Action to recover Penalty for Failure to enter Satisfaction of Mortgage on a Record.*

1. *Action to recover statutory penalty by mortgagors; when properly brought in the name of husband and wife.*—Where a note given by husband and wife, for the purchase of goods sold to the wife, is secured by a mortgage executed by both the husband and wife, which mortgage recites that the property conveyed therein belonged to both mortgagors, though in fact it belonged to the wife, an action to

[Thomason Grocery Co. v. Mitchell.]

recover the statutory penalty upon the mortgagee's failure to enter satisfaction of the mortgage on the record, is properly brought in the name of both the mortgagors, as joint debtors and owners of the property conveyed in the mortgage, and in such action the mortgagee can not dispute the interest of both the mortgagors in the satisfaction of the mortgage, and their statutory right to sue for the penalty.

2. *Same; provision of notes can not be changed by proof of the custom of the mortgagee.*—Where a mortgage to secure a note recites that it is given to secure the payment of said obligation "according to the tenor and effect thereof," and it is shown on the face of the note that the secured debt did not bear interest before maturity, the fact that the defeasance clause provided that the mortgage should be null and void upon the payment of "said debt and interest," does not make it necessary for the discharge of the mortgage that the interest on the debt before maturity should be paid; and the custom of the mortgagee to charge interest on such notes can not change the result; and in an action by the mortgagors to recover the statutory penalty for failure to enter satisfaction on the mortgage record, such custom of the mortgagee to charge interest on notes of the character given by the plaintiffs is inadmissible in evidence and can not be considered in ascertaining whether the amount of the mortgage debt had been paid.

3. *Same; burden of proof.*—In an action by a mortgagor to recover the statutory penalty for failure of the mortgagee to enter satisfaction of the mortgage on the record, the burden is upon the plaintiff to show that there has been such failure on the part of the mortgagee after written request; and this burden is not discharged by evidence merely that certain credits appeared on the margin of the record, without the additional proof that satifaction was not also entered on said margin.

4. *Same; objection to evidence too general.*—In an action by a mortgagor to recover the statutory penalty for failure of the mortgagee to enter satisfaction on the record, an objection to the admission in evidence of the mortgagor's written request to the mortgagee to enter satisfaction on the margin of the mortgage record, upon the ground that the notice "does not comply with the statute," is too general, and is properly overruled.

5. *Same; same.*—In such an action, where the mortgage was executed by a husband and wife to secure a note given by the husband and wife for the purchase price of goods sold to the wife, and the mortgage recites that the property conveyed therein belonged to both the mortgagors, though in fact it belonged to the wife alone, it is no objection to the admission in evidence of the written request to the mortgagee to enter satisfaction on the record, that it was signed by both the husband and wife, and not by the wife alone.

[Thomason Grocery Co. v. Mitchell.]

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. GEORGE E. BREWER.

This action was brought by Mary Mitchell and her husband, M. T. Mitchell, to recover the statutory penalty for failure, after request, to enter the fact of payment or satisfaction of a mortgage on the margin of the mortgage record.

The complaint alleges the execution by the plaintiffs of a mortgage on February 13, 1893, to the defendants; that it had been paid in full, and that written request to the defendant was made by the plaintiffs to enter the fact of the payment and satisfaction on the margin of the record of said mortgage in the probate office, and the failure the of defendant to comply with said request. To this complaint, the defendant demurred upon the following grounds : 1st. That there is a misjoinder of parties plaintiff, in that M. T. Mitchell is not a proper party plaintiff. 2d. For that said complaint fails to aver that plaintiffs executed a mortgage on their property. 3d. Said complaint fails to aver that the mortgage was on the property of M. T. Mitchell, or that he had any interest therein. This demurrer was overruled, and the defendant duly excepted.

The defendant pleaded the general issue and a special plea in abatement. The judgment entry recites that the demurrer to the plea in abatement were sustained, but this demurrer was not set forth in the transcript.

On the trial of the cause, the plaintiffs introduced the mortgage which was executed by the plaintiffs, Mary Mitchell and her husband, M. T. Mitchell. The part of this mortgage, which expresses the promise to pay and is the evidence of debt, is as follows : " On or before the 14th day of November, 1893, we promise to pay to the order of Thomason Grocery Company, the sum of one hundred and fifty dollars for value received. The right of exemption under the constitution and laws of Alabama is hereby waived."

The plaintiffs testified that they executed the mortgage introduced in evidence ; that it conveyed the property of Mary Mitchell, and that M. T. Mitchell had no interest therein ; that Mary Mitchell purchased from the Thomason Grocery Company a bill of goods amounting to $152.05, to secure the payment of which the mortgage was executed ; that this amount had been paid in full ;

that $130 was paid on November 15, 1893, and $20 on January 15, 1894, and that the $2.05, the amount exceeding the face of the mortgage, was paid in the summer of 1893.

It was also shown by the plaintiffs that.they had paid the interest on the $20, remaining due on the debt, after the payment of $130 on November 15, and the time of the payment of the said $20 on January 15, 1894. The entries upon the margin of the mortgage record are set out in the opinion.

The plaintiff then offered in evidence the following notice or request to enter satisfaction on the margin of the mortgage record:

"COLUMBIANA, ALA., May 12, '94.
" To Thomason Grocery Co., Oxford, Ala.:
"Whereas, a certain mortgage on two houses and lots in the the town of Vincent and two mules, executed to you by us on February 15th, 1893, and recorded in the office of the judge of probate at Columbiana, in Vol. 31 of Record of Mortgages, on pages 533 and 534, has been fully paid and satisfied, this is to request of you, that you, as such mortgagee, enter the fact of payment and satisfaction on the margin of said record of the said mortgage in said probate office.
                          MARY MITCHELL,
                          M. T. MITCHELL."

The defendent objected to the introduction in evidence of this notice, on the grounds that said notice did not comply with the statute, and because said notice was not signed by the mortgagor alone, but was signed by Mary and M. T. Mitchell. The court overruled this objection, allowed the notice to be introduced in evidence, and to this ruling the defendant duly excepted.

R. P. Thomason, the president and general manager of the defendant company, testified that he sold the bill of goods amounting to $152.05 to Mary Mitchell; and took the mortgage executed by Mary Mitchell to secure the same; that immediatly upon the receipt of the mortgage, he placed to her credit $150, less 8 per cent. discount until the same was due, and that the defendant had never received the sum of $150.00, nor any interest, except the interest on the last payment made.

There was also evidence for the defendant tending to show that the plaintiffs knew of the defendant discounting the note at the rate of 8 *per cent. per annum.* The defendant admitted all the payments make by the plaintiffs except the one for $2.05, and claimed that interest was due upon the mortgage debt from the date of the execution of the note.

Upon the introduction of all the evidence, the court at the request of the plaintiffs gave to the jury the following written charge :   (1.) "If the jury believe from the evidence that the plaintiffs paid the defendants a payment of $2.05 on their mortgage some time in the months of July, August or September, then they should find for the plaintiffs." The defendant duly excepted to the giving of this charge, and also separatley excepted to the court's refusal to give, among others, the following written charges requested by it :   (1.) "If the jury believe the evidence, they must find for the defendant."   (3.). "The court charges the jury that they must believe from all the evidence that the $2.05, which the plaintiffs said they sent to defendant, with instructions to place same as a credit on mortgage was so sent with such instructions between the 1st of July and September, 1893, before they can find in favor of the plaintiffs."   (6.) "The jury may look to the fact that plaintiffs did not produce the registry receipt or express receipt for remittance in which they claim the $2.05 was sent as a circumstance, in connection with all the other evidence, tending to show whether or not such amount was ever sent."   (7.) "The court charges the jury that if they believe from the evidence that the mortgage of $150, given by Mary L. Mitchell was due on the 15th day of November, 1893, the plaintiffs were entitled to a credit of $150, less the discount on $150 from February, 15th, 1893, until the 15th day of November, 1893, and the court instructs the jury that the present cash value of the mortgage on the 15th day of February, 1893, was $141."   (10.) "The court charges the jury that if they believe from the evidence that the Thomason Grocery Company sold the plaintiff, Mary Mitchell, goods at cash prices to the amount of $152.05, and that the plaintiff did not pay for them until in the fall, then defendant is entitled to interest on the $152.05 from the time they were sold until the same was paid."   (12.) "The court charges the jury

that if they believe from all the evidence that it was the custom of defendant to take mortgages and securities due and payable in the fall, and to discount the same at the legal rate, giving mortgagors credit for the present worth of the mortgage at the time it was given, and if they further believe from all the evidence that plaintiffs were informed by defendant or their agent of said custom, and that plaintiffs contracted on this basis, then defendant had a right to discount said mortgage and they should find for the defendant."

There were verdict and judgment for the plaintiffs assessing their damages at $200. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

E. L. HANNA and LONGSHORE & BEAVERS, for appellant.—1. Under the evidence, M. T. Mitchell had neither right nor title to the property mortgaged, nor any interest therein, and was not a mortgagor, in the sense that he could sue for and recover the penalty under the statute. "The right to the penalty follows the ownership of the property."—*Thomas v. Reynolds*, 29 Kas. 304. "The purpose of the statute is, that there shall be upon the record an acknowledgment of equal publicity with the record itself, that the mortgage is satisfied; that it is not longer an available security, or an incumbrance upon the title of the mortgagor." This doctrine is declared by Chief Justice BRICKELL in the case of *Scott v. Field*, 75 Ala. 422. See *Headley v. Bell*, 84 Ala. 346. From the above authorities, it is clear that although a man may sign a mortgage, yet if he have no title to the property conveyed by the mortgage, he cannot recover the statutory penalty, for the reason that the mortgage is not and could not be an available security and an incumbrance upon his title.

2. If M. T. Mitchell could not recover, then Mary Mitchell could not recover in the case at bar, and the general charge asked by the defendant should have been given.—See *Ware v. Warwick*, 48 Ala. 295; 3 Brick. Dig. 701, § 14 and cases cited. There was a misjoinder of parties as disclosed by the evidence. Under the present statute, the husband is an improper party to the suit, which must be brought by the wife alone.— Code of 1886, § 2347.

BROWNE & LEEPER, *contra.*

HEAD, J.—On February 15, 1893, the appellee, Mary Mitchell, purchased of appellant, Thomason Grocery Company, goods to the amount of $152.05, and she and her husband and co-appellee, M. T. Mitchell, to secure $150 thereof, executed to the seller their joint note, for that sum, payable November 14, 1893. This note was a part of, and embodied in, a mortgage then executed by the Mitchells jointly, to secure the same, upon real and personal property which the instrument recited belonged to both mortgagors, though, in fact, it belonged to said Mary, who was the wife of said M. T. Mitchell. The mortgage was duly recorded in Shelby county. There was a provision that the mortgage should also secure any further indebtedness contracted during the year. This action is by the mortgagors, jointly, to recover the statutory penalty of an alleged failure, on the part of the mortgagee, to enter satisfaction of the mortgage, on the record; and it is insisted by the defendant that the action is maintainable only by Mrs. Mitchell, who was principal debtor and owner of the property. This contention is not sound. Both plaintiffs were mortgagors, as joint debtors and owners of the property, and both bound by statutory covenant of warranty contained in the instrument, and it is not open to the mortgagee, in an action of this character, to dispute the interest of both in the satisfaction of the mortgage, and their statutory right to sue for the penalty. The statute regulating the separate estates of married women has no effect upon this question.

The note and mortgage, properly construed, show that the secured debt did not bear interest before maturity, and this result cannot be controlled by any evidence of the custom of the mortgagee to charge interest in such cases. That part of the instrument expressing the promise to pay is a formal promissory note containing no stipulation for the payment of interest. The premises of the mortgage recite that the mortgage is given to secure the payment of the "aforesaid obligation according to the tenor and effect thereof." The defeasance clause (which from a number of indications upon the face of the mortgage, was evidently executed after a form) states: "If we pay said debt and interest, with the

21

cost of the execution of this trust, including recording
fees, on or before the same falls due, then this convey-
ance is null and void. But if we make default in the
payment of said debt, failing to pay same when it be-
comes due, or such other debt or debts as may
become due and payable under the provisions of this
conveyance, hereinafter mentioned, then," &c., following
with power of sale. It is observable there is, in this
defeasance, as much an implied stipulation for the pay-
ment of the cost of executing the trust, as for the pay-
ment of interest, and the form of the clause requires the
payment of both, as well as the debt, on or before the
same falls due ; default in which gives rise to the right
to execute the trust. The incongruity thus presented
manifests the use of an unskillfully drawn form, and
accounts for the insertion of the words "and interest",
when that part of the contract evidencing the obligation
to pay and the security given show that interest was
not payable before maturity. It was evidently the pur-
pose to secure by the mortgage the debt that was or
might be really incurred and which would be recover-
able in a personal action, including recording fees, and
nothing more.

It was undisputed that the entire mortgage debt and
recording fee (eliminating the question of interest) had
been paid prior to the giving of the notice to enter satis-
faction, except there was controversy and conflict in the
evidence, as to the payment of the excess of $2.05 in the
amount of the bill of goods purchased, over the amount
specified in the note and mortgage ; and this was the
only material issue between the parties, except the ma-
terial allegation that defendant had failed to enter satis-
faction of the mortgage as required.

All the charges requested by the defendant, except 1,
3 and 6, relate to immaterial matters, and were properly
refused. The third unduly limits the instruction as to
time of payment, and improperly requires the remittance
to have been accompanied by express instructions for its
application to the debt. The circumstances might have
been such as, in the judgment of the jury, rendered special
instructions as to application of the money unnecessary.
The sixth is argumentative.

The burden was upon the plaintiffs to prove the fail-
ure of the defendant to enter the satisfaction upon the

[Speers *et al.* v. Banks.]

record. The bill of exceptions purports to set out all the evidence, and is silent on this subject. The statement that, "The margins of said record shows the following credits, viz.: Nov. 15, 1893, $119.59, and Jan. 16, 1894, $20", does not show, or tend to show, that satisfaction was not also entered on said margin. By reason of this omission, the general charge requested by the defendant should have been given, and the court erred in refusing it. The charge given at the request of the plaintiff was erroneous for the same reason.

The objection made to the notice to enter satisfaction, that it "did not comply with the statute", was too general; and the further objection that it was signed by both Mary and M. T. Mitchell was untenable.

The demurrers to the plea in abatement which were sustained by the court, are not set out in the record, and the assignment as error of the court's ruling upon them is not insisted upon in the appellant's argument. We will, therefore, not consider that assignment.

Reversed and remanded.